Dear Mr. May:
This office is in receipt of your opinion request of recent date wherein you ask whether an elected police juror may also serve as either the office administrator or the director of the pre-trial intervention program of the district attorney's office.
The provisions of the Louisiana Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq., governs our response. Therein, note that an individual serving as police juror holds local elective office within a political subdivision of the state. See LSA-R.S. 42:62(9). Employment with the district attorney's office constitutes employment in a separate political subdivision of the state. LSA-R.S. 42:62(9).
The prohibition of the Dual Officeholding and Dual Employment Law which might be applicable is found in LSA-R.S.42:63(D), providing:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The law permits an individual to hold local elective office and employment in a separate political subdivision. For this reason, we conclude a police juror may additionally hold employment with the district attorney's office as either the office administrator or the director of the pre-trial intervention program of the district attorney's office.
Very truly yours,
 Richard P. Ieyoub Attorney General
 Kerry L. Kilpatrick Assistant Attorney General La.Atty. Gen. Op. No. 95-318, 1995 WL 508198
(La.A.G.)